UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL WHITE,<br><br>            Petitioner,<br><br>   v.<br><br>F. FOULK, Warden,<br><br>            Respondent. | No.  14-cv-0845 TLN AC (TEMP)<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

     Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 9, 2011, petitioner was convicted in the Sacramento County Superior Court of three counts of second degree robbery with use of a firearm and one count of attempted carjacking, with jury findings that he personally used a firearm and intentionally discharged a firearm causing great bodily injury.  Petitioner filed an appeal of his conviction in the California Court of Appeal, raising the following three claims for relief: (1) jury instruction error violated his right to due process; (2) the evidence was insufficient to support the jury finding that he intentionally discharged a firearm; and (3) his trial counsel rendered ineffective assistance in failing to request a "pinpoint" jury instruction on the defense of accident.  The California Court of Appeal addressed each of these claims on the merits and affirmed petitioner's judgment of conviction.  Petitioner subsequently filed a petition for review in the California Supreme Court in which he raised only his first claim for relief: that jury instruction

error violated his right to due process. That petition was summarily denied.

Petitioner subsequently filed a habeas petition in this court, in which he raised the same three claims for relief that he raised on direct appeal before the California Court of Appeal. In his answer, respondent argued that petitioner's second and third claims were unexhausted because they were not contained in his state petition for review, and should therefore be dismissed. On February 9, 2016, this court issued findings and recommendations which recommended that petitioner's application for habeas corpus be denied. Pursuant to 28 U.S.C. §2254(b)(2), the court addressed and denied petitioner's second and third claims on the merits, notwithstanding petitioner's failure to exhaust those claims in state court.

Now before the court is petitioner's "motion for stay and abeyance." Petitioner requests that the court stay this action while he presents his two unexhausted claims to the California Supreme Court. (ECF No. 23 at 1-2.) He states that once he exhausts his state remedies with respect to these claims, he will "move this court to amend my petition to include the newly exhausted issues so they can be determined based on their merits." (Id.) Respondent filed an opposition to petitioner's motion for stay and abeyance on May 25, 2016. (ECF No. 25.)

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) or Rhines v. Weber, 544 U.S. 269 (1995). King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The procedure varies depending on whether the petition presents fully exhausted claims, or a mix of exhausted and unexhausted claims. Under Kelly, the petitioner amends his petition to delete any unexhausted claims, and the court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a court may stay a mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. Rhines, 544 U.S. at 277. Under Rhines, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" King, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277-78). The Kelly procedure,

2

which remains available after Rhines, does not require a showing of good cause.  King, 564 F.3d at 1140.

Both Kelly and Rhines "are directed at solving the same problem – namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)."  King, 564 F.3d at 1136.  The Rhines procedure "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court throughout."  Id. at 1140.  On the other hand, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely."  Id. at 1140-41.  Because the Kelly procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal petition later, the Kelly procedure does not protect a petitioner's unexhausted claims from untimeliness.

As explained above, this court has already addressed petitioner's two unexhausted claims on the merits.  Under these circumstances, there is no good cause to stay this action in order to allow petitioner to present those claims to the California Supreme Court.  Petitioner's intention to file a motion to amend his petition "to include the newly exhausted issues so they can be determined based on their merits" is unnecessary because those claims were raised in petitioner's federal habeas petition and were resolved on their merits in the February 9, 2016 findings and recommendations.

With regard to the merits of his motion, petitioner is asking this court to stay his mixed petition so that he may return to state court and exhaust the two claims that are unexhausted.  His request in this regard is more akin to the Rhines procedure, which applies to stays of mixed petitions, than to the Kelly procedure, which applies to stays of fully exhausted petitions.  Because petitioner has failed to demonstrate good cause for his failure to exhaust his claims first in state court, or even to explain why he failed to do so, he is not entitled to a stay of this action under Rhines.  Petitioner does not explain why he did not allege all of his claims in his petition for review or why he was unable to exhaust his claims in state court before filing his habeas

/////

petition in federal court.  For these reasons, this court recommends that petitioner's motion for stay and abeyance be denied.

Petitioner has also filed two motions for an extension of time.  (ECF Nos. 24, 27.)  The court will construe these motions as a request for extension of time to file objections to the February 9, 2016 findings and recommendations.  Good cause appearing, those requests will be granted.

Accordingly, IT IS HEREBY ORDERED that petitioner's motions for extension of time (ECF Nos. 24, 27) are granted.  Petitioner may file his objections to the February 9, 2016 findings and recommendations within thirty days from the date of this order.

IT IS HEREBY RECOMMENDED that petitioner's motion for stay and abeyance be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 22, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE